**Opinion issued April 21, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00316-CV

_____

**DAVID ANTHONY DEPINA, Appellant**

**V.**

**JASON A. GIBSON, P.C. D/B/A THE GIBSON LAW FIRM, JASON A. GIBSON, AND CASEY GIBSON, Appellees**

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2023-60937

## MEMORANDUM OPINION

This is an appeal from a summary judgment ruling for the defendants in a legal malpractice case. Before the trial court, the plaintiff, David DePina, alleged that a law firm and its attorneys[1] failed to timely pursue claims for him against a

---

[1] We refer to the appellees collectively as "the law firm" or "the firm."

railroad company concerning flood damage to DePina's property. To prevail on his legal malpractice claim, DePina must prove that, but for the law firm's negligence, he would have obtained a more favorable result in the underlying case. *Rogers v. Zanetti*, 518 S.W.3d 394, 404–05 (Tex. 2017).

The law firm sought summary judgment, arguing that the record showed as a matter of law that DePina's claims were already time-barred when he brought them to the firm—so DePina could not prevail in showing that he would have obtained a more favorable result but for any alleged negligence. On appeal, the law firm argues this is the case because, it says, as a matter of law, DePina alleged a permanent nuisance (as opposed to a temporary one), so limitations had already run. The parties do not dispute that whether limitations had run depends on whether the alleged flooding nuisance was permanent or temporary.[2]

This appeal thus turns on whether the record shows as a matter of law that the nuisance DePina asserted—flooding to his property that DePina says is caused by an unmaintained railroad culvert combined with certain very heavy rain—was permanent, as opposed to temporary (and thus whether limitations had run).

---

[2] For limitations purposes, a permanent nuisance claim accrues when injury first occurs or is discovered, while a temporary nuisance claim accrues anew upon each injury. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 270 (Tex. 2004).

Under binding precedent, a nuisance may be considered temporary if, among other factors, it is sporadic and contingent upon an irregular force such as rain, or if it is uncertain if any future injury will occur. *See Huynh v. Blanchard*, 694 S.W.3d 648, 677–78 (Tex. 2024); *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 272 (Tex. 2004). A permanent nuisance, by contrast, is one that involves an activity of such a character and existing under such circumstances that it will be presumed to continue indefinitely. *See Huynh*, 694 S.W.3d at 678 & n.35; *Schneider*, 147 S.W.3d at 272.

Applying the Texas Supreme Court's description of a temporary versus permanent nuisance to this summary judgment record, we conclude that the record does not show as a matter of law that the alleged nuisance was permanent, and therefore the law firm did not establish that the statute of limitations expired. We thus reverse and remand for further proceedings consistent with this opinion. We express no opinion on any other issue in the underlying case.

## BACKGROUND

### A. The law firm agreed to represent DePina for potential property damage and flooding claims.

DePina owns property in Splendora, Texas, consisting of undeveloped land and a commercial building leased to a school. A railroad runs alongside the property. Beneath the railroad tracks is a culvert (a drainage tunnel) that allows water from the property to drain into a nearby ditch.

3

DePina asserts that the railroad company failed to maintain the culvert and provide adequate drainage, which caused flooding during some, but not all, rainstorms. As discussed in greater detail below, it is undisputed that DePina's property flooded in March 2017 and at least two times before then. It is also undisputed that the property flooded during Hurricane Harvey in August 2017, again soon thereafter, and during Tropical Storm Imelda in September 2019. Unlike the previous floods, the flooding that occurred during Imelda caused significant water damage to the building on the property.[3]

DePina alleged that the railroad company was responsible for the 2019 flooding and damage to his property; he asserted that the railroad company's failure to maintain and clear the culvert prevented proper drainage from his property. He also believed the railroad company needed to add a second culvert to improve drainage and prevent future flooding.

In August 2020, DePina contacted the law firm about pursuing potential claims against the railroad company for the flooding damage. That month, the law firm agreed to take the case and sent DePina a contract stating that it would represent him in pursuing claims for "Property Damage and Flooding."

---

[3] According to this record, DePina's property did not flood between Tropical Storm Imelda in 2019 and the filing of the current case in 2023.

What occurred after that is disputed. For purposes of summary judgment, we accept DePina's account that, after some initial communication, the law firm stopped communicating with him and did not return his calls until September 2021, when the firm sent him a letter stating the firm no longer represented him in this case.

**B.      DePina filed this legal malpractice lawsuit against the law firm; the trial court granted summary judgment to the law firm.**

DePina filed this malpractice lawsuit against the law firm for negligence and gross negligence, alleging that the firm failed to timely investigate and file DePina's claims against the railroad company within the statute of limitations, or alternatively that it failed to decline representation within a reasonable time period to allow DePina to secure new counsel to investigate and pursue the claims against the railroad company. DePina alleged that he would have secured a settlement or collectable judgment against the railroad company but for the law firm's negligence.

The law firm moved for traditional summary judgment, arguing that DePina could not establish causation on his malpractice claim as a matter of law because his underlying flooding claims constituted a permanent nuisance, and the statute of limitations therefore expired at least one year before DePina ever contacted the firm. The law firm attached several exhibits, including the deposition testimony of DePina.

In response, DePina disputed that the law firm had proven a permanent nuisance as a matter of law. He argued that a fact issue exists as to causation because,

5

he says, there are genuine issues of material fact regarding whether his underlying flooding claims constituted a temporary or permanent nuisance. DePina attached his declaration in support of his opposition.

After a hearing, the trial court granted the law firm's motion for summary judgment and dismissed DePina's lawsuit. The trial court did not provide a basis for its ruling. DePina appealed.

## STANDARD OF REVIEW

We review de novo a trial court's order granting summary judgment. *Hillis v. McCall*, 602 S.W.3d 436, 439 (Tex. 2020). Under traditional summary judgment procedure, the movant bears the initial burden of showing that no genuine issue of material fact exists, and the court should grant a judgment as a matter of law. *See id.* at 439–40; TEX. R. CIV. P. 166a(c).[4] A defendant-movant may obtain summary judgment by conclusively negating at least one element of the plaintiff's cause of action. *See Murphy Expl. & Prod. Co.-USA v. Adams*, 560 S.W.3d 105, 108 (Tex. 2018); *Stanfield v. Neubaum*, 494 S.W.3d 90, 96 (Tex. 2016). If a defendant produces evidence demonstrating summary judgment is proper, the burden shifts to the plaintiff to present evidence creating a fact issue. *Stanfield*, 494 S.W.3d. at 97.

---

[4] The Texas Supreme Court recently amended Texas Rule of Civil Procedure 166a. *See* Order, Misc. Docket No. 26-9012 (Tex. Feb. 27, 2026). The Court specified that "[t]he amendments apply only to a motion for summary judgment filed on or after March 1, 2026." *Id.* The law firm filed its motion for summary judgment before that date, and we apply the version of Rule 166a in effect at the time of the filing.

In evaluating whether a fact issue precludes summary judgment, a court takes all evidence favorable to the nonmovant as true and indulges every reasonable inference in the nonmovant's favor. *Id.*

When a trial court's order granting summary judgment does not specify the grounds on which its order is based, the appellant must negate each ground upon which the judgment could have been based. *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022). Otherwise, the summary judgment may be affirmed on any one meritorious ground alleged. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).[5]

## DISCUSSION

Applying Texas law to this summary judgment record—which we construe in the light most favorable to DePina—we agree with DePina that the trial court erred in granting summary judgment to the law firm. We therefore reverse.

---

[5] In addition to the nuisance/limitations argument made by the law firm discussed herein, the law firm also argued on summary judgment that DePina was impermissibly attempting to relitigate the same claims adjudicated in an earlier State Bar proceeding (in which the law firm prevailed). DePina challenged that issue, too, on appeal, and the law firm abandoned its argument. Because the law firm has abandoned this argument on appeal, we need not address it. *See, e.g.*, *Mitchell v. Mitchell*, 445 S.W.3d 790, 798 (Tex. App.—Houston [1st Dist.] 2014, no pet.). In any event, we note that the disciplinary proceedings would not have a preclusive effect on the subsequent civil litigation. *See, e.g.*, *Charles v. Diggs*, No. 14-19-00725-CV, 2020 WL 6326422, at *2 (Tex. App.—Houston [14th Dist.] Oct. 29, 2020, pet. denied) (rejecting lawyer's res judicata defense; Texas Rules of Disciplinary Procedure prohibit res judicata or collateral estoppel effects from disciplinary actions).

**A.  Causation is an element of a legal malpractice claim—and that is the element in dispute here.**

Legal malpractice claims are based on negligence principles and require the client to establish: (1) the lawyer owed a duty of care to the client; (2) the lawyer breached that duty; and (3) the lawyer's breach proximately caused damage to the client. *Rogers*, 518 S.W.3d at 400.

The parties here focus on causation. They dispute whether the law firm negated the causation element of DePina's malpractice cause of action. *See Stanfield*, 494 S.W.3d at 96.

The law firm argues it was entitled to summary judgment because it conclusively negated causation. The law firm says it did so by showing that the statute of limitations on DePina's underlying claims expired as a matter of law before DePina retained the firm. So, the law firm argues, any alleged negligence on its part could not possibly have harmed him.

Thus, the causation issue turns on whether the law firm proved as a matter of law that the underlying nuisance was permanent (and thus whether the law firm negated causation by establishing that limitations expired before DePina retained the firm).

**B.** **The limitations period for a nuisance action depends on whether the nuisance is temporary or permanent.**

A nuisance is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities. *Schneider*, 147 S.W.3d at 269. For these purposes, the parties do not dispute whether this record reflects a nuisance. The parties also agree that a two-year statute of limitations applies to DePina's underlying nuisance claim. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Schneider*, 147 S.W.3d at 270.

The question of when a nuisance claim accrues for statute of limitations purposes depends on whether the alleged nuisance is permanent or temporary. *Schneider*, 147 S.W.3d at 270. "A permanent nuisance claim accrues when injury *first* occurs or is discovered; a temporary nuisance claim accrues *anew* upon each injury." *Id.* (emphasis in original).

As applied here, this matters. If the nuisance alleged was permanent, then limitations had run when DePina first approached the law firm. If the nuisance was temporary, it had not.

9

**C.** **The trial court erred in granting summary judgment: the summary judgment record does not show as a matter of law that the nuisance alleged was permanent (and thus that limitations had run when DePina approached the law firm).**

The dispositive question is: Does the record show as a matter of law that the alleged nuisance at issue was permanent? On this record, applying Texas law, it does not.

Recently, the Texas Supreme Court reiterated that a nuisance may be considered temporary:

(1) if it is uncertain if any future injury will occur,

(2) if future injury is liable to occur only at long intervals,

(3) if the nuisance is occasional, intermittent or recurrent, *or*

(4) if it is sporadic and contingent upon some irregular force such as rain.

*Huynh*, 694 S.W.3d at 677–78 (cleaned up) (quoting *Schneider*, 147 S.W.3d at 272).

As the Court stated, "a nuisance that is occasional, recurrent, or affected by irregular weather forces in a manner that makes future damages difficult to quantify with reasonable certainty can be classified as temporary even though it is also imminent or likely to recur." *Id.* at 678 (footnote omitted). Under Texas law, "a nuisance as to which any future impact remains speculative at the time of trial must be deemed 'temporary.'" *Schneider*, 147 S.W.3d at 280.

10

By contrast, a permanent nuisance is one that involves an activity of such a character and existing under such circumstances that it will be presumed to continue indefinitely. *See Huynh*, 694 S.W.3d at 678 n.35; *Schneider*, 147 S.W.3d at 272. A "nuisance should be deemed permanent if it is sufficiently constant or regular (no matter how long between occurrences) that future impact can be reasonably evaluated." *Schneider*, 147 S.W.3d at 281.

"[A] permanent nuisance may be established by showing that either the plaintiff's injuries or the defendant's operations are permanent." *Id.* at 283. When the structure or source allegedly causing the nuisance is permanent, a presumption is raised that the nuisance is also permanent. *See Huynh*, 694 S.W.3d at 678 & n.35. But the presumption can be "rebutted by evidence that a defendant's noxious operations cause injury only under circumstances so rare that, even when they occur, it remains uncertain whether or to what degree they may ever occur again." *Id.* at 678 n.35 (quoting *Schneider*, 147 S.W.3d at 283). As *Schneider* explained, "Texas law has long recognized there may be a discontinuity between source and injury, as when injury occurs only after a heavy rain in regions where that is a rare commodity." *Schneider*, 147 S.W.3d at 283.

Texas law also explains that a jury should decide factual questions underlying the temporary or permanent nature of a nuisance to the extent the evidence presents "a dispute regarding what interference has occurred or whether it is likely to

11

continue." *Id.* at 281; *see also Gilbert Wheeler, Inc. v. Enbridge Pipelines (E. Tex.), L.P.*, 449 S.W.3d 474, 480–81 (Tex. 2014) (same). As the Texas Supreme Court has stated, "questions regarding the facts that underlie the temporary-versus-permanent distinction must be resolved by the jury upon proper request." *Huynh*, 694 S.W.3d at 676 (cleaned up) (quoting *Gilbert Wheeler*, 449 S.W.3d at 481). Along those lines, the Texas Supreme Court has explained that jurors settle "disputes as to whether similar conditions are reasonably certain to continue in the future." *Schneider*, 147 S.W.3d at 281; *see also Huynh*, 694 S.W.3d at 676. And "material factual disputes about frequency, duration, and extent of nuisance conditions" are questions for the jury. *Schneider*, 147 S.W.3d. at 274–75; *see also Huynh*, 694 S.W.3d at 677.

Applying that law to this record (construed in the light most favorable to DePina, as the law instructs), we must reverse the grant of summary judgment in favor of the law firm: this record does not show as a matter of law a permanent nuisance. *See Schneider*, 147 S.W.3d at 272–75; *see also Huynh*, 694 S.W.3d at 677–78.

DePina argues that this record does not establish a permanent nuisance, and he asserts that questions remain for the jury as to the nuisance he alleges. He contends that the flooding he complains of was contingent on both the culvert being unmaintained and also certain very heavy rain. And he argues that fact questions

12

exist as to the nature of the interference and whether and to what extent the interference is likely to continue.

DePina testified to the following flooding history, occurring over a period of almost 20 years:

- From the time DePina purchased the property (between 2002 and 2004) until March 2017, DePina testified that the property flooded "maybe two times."[6]

- March 2017 – The property flooded.

- August 2017 – The property flooded during Hurricane Harvey.

- After August 2017 – A rainstorm following Hurricane Harvey flooded the property.

- September 2019 – The property flooded during Tropical Storm Imelda, damaging the building.

According to DePina, his property had not flooded since Tropical Storm Imelda, in 2019, through the time of his filing of the current lawsuit in 2023.

DePina testified that his property does not flood with every hard rain.[7] Instead, under his testimony, the property flooded only in certain rainstorms and when "the [culvert] isn't doing its job."

---

[6] DePina did not identify specific years or dates for the two floods.

[7] As DePina stated:
Q. And as a result of that, whenever there is a hard rain over your property, the property floods?
A. *That's not correct.*

(Emphasis added.)

13

Additionally, in his declaration, DePina attested that the flooding is "uncertain," "unpredictable," and "intermittent," occurring only "when there is a very heavy rainstorm, like Hurricane Harvey and Tropical Storm Imelda," and depending on the "condition of the culverts" at the time of the heavy rainstorm.[8]

DePina further attested that "when the culverts are cleaned out and properly maintained by [the railroad company], the Property does not flood."[9]

---

[8] In the trial court, the law firm objected and moved to strike DePina's declaration under the "sham affidavit rule," arguing that it contradicted DePina's earlier deposition testimony. The trial court never ruled on the objection. In its appellate briefing, the law firm similarly argues that we should strike or disregard DePina's declaration as a "sham." But under controlling precedent, as the law firm acknowledged at argument, this complaint is not preserved for our review. Our Court previously held that: "Absent a timely objection and a ruling from the trial court on the objection, however, a complaint that a summary-judgment affidavit is a sham is waived for purposes of appellate review." *Lee v. Galleria Loop Note Holder LLC*, No. 01-22-00160-CV, 2023 WL 5436434, at *8 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, no pet.); *see also* TEX. R. APP. P. 33.1(a); *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 164, 166 (Tex. 2018). DePina's declaration remains as competent summary judgment evidence. *See Seim*, 551 S.W.3d at 164; *Lee*, 2023 WL 5436434, at *8.

[9] The law firm argues this statement (which DePina begins with the word "thus") is conclusory. Texas courts have rejected arguments that statements were conclusory when the statements were based on personal knowledge and asserted facts. *See Chagoya v. Vilchis*, No. 01-22-00864-CV, 2024 WL 3417049, at *6 (Tex. App.—Houston [1st Dist.] July 16, 2024, no pet.) (mem. op. on reh'g) (treating declarant's descriptions of specific events—payments, loan amounts, nonperformance, and nonreturn of property—as "assertions of fact, not unsupported conclusions or inferences"); *see also Eberstein v. Hunter*, 260 S.W.3d 626, 629 (Tex. App.—Dallas 2008, no pet.) (affidavit calculating amounts of unpaid alimony payments and stating aggregate amount was not conclusory because statements recited facts based on personal knowledge). In any event, this sentence is also only one piece of the summary-judgment record at issue.

Viewing the evidence in the light most favorable to DePina and looking to the Texas Supreme Court's definition of a temporary versus permanent nuisance, we cannot conclude that this record shows a permanent nuisance as a matter of law. The record raises a genuine issue of material fact about whether and to what extent this nuisance is likely to continue. This record also presents questions about whether the nuisance is "sporadic and contingent upon some irregular force such as rain." *Huynh*, 694 S.W.3d at 677–78 (quoting *Schneider*, 147 S.W.3d at 272). Further, the fact that flooding occurred previously does not necessarily render the alleged nuisance permanent as a matter of law: indeed, a nuisance that has recurred can still potentially qualify as temporary under certain conditions, including if it is "affected by irregular weather forces in a manner that makes future damages difficult to quantify with reasonable certainty." *Id.* at 678 (footnote omitted).

The parties dispute whether a presumption of permanence applies. *See id.* at 678 n.35; *Schneider*, 147 S.W.3d at 283. The law firm argues that the nuisance should be presumed permanent because the railroad track and culvert are permanent structures (they are), and because, the firm argues, there is no evidence the culvert has ever been cleared or cleaned.[10] DePina, on the other hand, takes the position that—unlike, for instance, a nuisance caused by an ever-present, permanent wall—

---

[10] The law firm acknowledges that there is no evidence either way on this point; they do not take the position that evidence affirmatively establishes that the culvert has never been cleared.

15

the alleged nuisance here is contingent on the (in his view, nonpermanent) condition of the culvert and the extent to which it is maintained (as well as on certain heavy rain; he asserts that the nuisance is contingent on both the culvert's status and certain heavy rain). DePina testified that the culvert drains into a ditch, and that it is the "ditches [that] had never been cleaned out." He also averred below that "when the culverts are cleaned out and properly maintained by [the railroad company], the Property does not flood." DePina emphasizes that all reasonable inferences must go his way at this stage. *See Stanfield*, 494 S.W.3d at 97 (on summary judgment review, we must indulge every reasonable inference in the nonmovant's favor).

We need not resolve that dispute. Even assuming a presumption of permanence here, the law firm was not entitled to summary judgment because there are issues of material fact as to whether DePina has rebutted that presumption. *See Huynh*, 694 S.W.3d at 678 & n.35; *Schneider*, 147 S.W.3d at 283. On this record, there is a genuine dispute over whether the railroad company's alleged conduct caused DePina's property to flood "only under circumstances so rare that, even when they occur, it remains uncertain whether or to what degree they may ever occur again." *Schneider*, 147 S.W.3d at 281, 283 (jury decides factual disputes "regarding what interference has occurred or whether it is likely to continue"); *see also Huynh*, 694 S.W.3d at 676 ("[Q]uestions regarding the facts that *underlie* the

16

temporary-versus-permanent distinction *must* be resolved by the jury upon proper request." (emphasis in original) (quoting *Gilbert Wheeler*, 449 S.W.3d at 481)).

Other courts have recognized that similar facts preclude summary judgment. *See, e.g.*, *Scott v. S2S Domain Waco Assocs., LLC*, No. 10-20-00133-CV, 2021 WL 5639086, at *9 (Tex. App.—Waco Dec. 1, 2021, pet. denied) (summary judgment on limitations improper because "the flooding on the [plaintiffs'] property is caused by intermittent rainfall and future injury cannot be estimated with reasonable certainty"); *Sullivan v. Brokers Logistics, Ltd.*, 357 S.W.3d 833, 838–41 (Tex. App.—El Paso 2012, pet. denied) (summary judgment on limitations improper in a flooding-related nuisance case where—although there had been silt buildup for more than a decade due to improper drainage—historic flooding that precipitated the plaintiff's lawsuit raised fact issue as to whether the nuisance was temporary or permanent); *see also Pulaski v. Republic of India*, 212 F. Supp. 2d 653, 656 (S.D. Tex. 2002) ("Although rain is a persistent condition in Houston, the nuisance suffered by [plaintiffs] is temporary because it is contingent on sporadic rain.").

Two of our sister courts (one recently) examined instances when a flooding nuisance was dependent on rain and also on a permanent structure, bringing a presumption of permanence. *See JLMH Invs., LLC v. Fam. Dollar Stores of Tex., LLC*, 716 S.W.3d 770, 778–80 (Tex. App.—Fort Worth 2024, pet. granted); *Yalamanchili v. Mousa*, 316 S.W.3d 33, 37–38 (Tex. App.—Houston [14th Dist.]

2010, pet. denied). In both cases, those courts found the flooding nuisances at issue to be permanent as a matter of law when they happened with "every rain" (or every heavy rain)—and thus they were not "contingent" and uncertain to occur again. *See JLMH*, 716 S.W.3d at 779 (undisputed evidence established that plaintiff's property flooded "every time it rained"); *Yalamanchili*, 316 S.W.3d at 36–38 (plaintiff's property flooded "with every rain of any magnitude").[11]

But, as the *JLMH* court explained, the result might have been different there if the flooding only occurred "after abnormally and unexpectedly heavy rains"; the court noted that such "occasional or sporadic" instances of rain might constitute a temporary nuisance. *JLMH*, 716 S.W.3d at 779.

Applying the principles from those cases supports reversal of the summary judgment here. As explained, the record (construed in the light most favorable to DePina, the nonmovant) includes evidence that flooding happened here during some major storms—but not every major storm—and certainly not with every rain or every major rain. Moreover, here, DePina testified that flooding also depended on the "condition of the culvert" in conjunction with certain very heavy rain. In approximately 20 years, DePina says that six flooding events have occurred (and none since 2019). On this record, such infrequent incidents (particularly in the

---

[11] *See also Mitchell v. Timmerman*, No. 03-08-00320-CV, 2008 WL 5423268, at *6 (Tex. App.—Austin Dec. 31, 2008, no pet.) (flooding occurring "every time there is a significant rainfall" was permanent nuisance as a matter of law).

greater Houston area, where heavy rain is commonplace) could potentially be characterized as "occasional" or "sporadic" and unlikely to occur again.

Under Texas law, "a nuisance may be considered temporary (1) if it is uncertain if any future injury will occur, (2) if future injury is liable to occur only at long intervals, (3) if the nuisance is occasional, intermittent or recurrent, or (4) if it is sporadic and contingent upon some irregular force such as rain." *Huynh*, 694 S.W.3d at 677–78 (cleaned up) (quoting *Schneider*, 147 S.W.3d at 272); *see also Schneider*, 147 S.W.3d at 280 ("[A] nuisance as to which any future impact remains speculative at the time of trial must be deemed 'temporary.'").

This record does not show a permanent nuisance as a matter of law, and fact questions preclude summary judgment.

\* \* \*

The accrual of the statute of limitations cannot be determined as a matter of law if reasonable minds could differ about the conclusion to be drawn from the facts. *See Childs v. Haussecker*, 974 S.W.2d 31, 44–46 (Tex. 1998) (in legal malpractice case, lawyer was not entitled to summary judgment on limitations grounds because there was an issue of fact on when client's underlying claim accrued). That is the case here. We thus reverse and remand for further proceedings.

## CONCLUSION

The trial court erred in granting summary judgment for the law firm. We thus reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.